Carl D. Crowell, OSB No. 982049
email: carl@crowell-law.com
CROWELL LAW
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **VOLTAGE PICTURES, LLC,** a California Limited Liability Company, and **DALLAS BUYERS CLUB, LLC**, a Texas Limited Liability Company,<br>                Plaintiffs,<br>v.<br>**DOE-50.141.97.4,**<br>                Defendant. | Case No.: 3:14-cv-01872-AC<br><br>PLAINTIFFS' MOTION FOR LEAVE TO ISSUE FRCP 45 SUBPOENA TO NON-PARTY; EXHIBIT 1 |

<u>LR 7-1 Conferral</u>

Counsel for plaintiff and counsel appearing on behalf of the defendant have conferred on this motion and are unable to resolve this issue without the assistance of the court.[1]

**<u>PLAINTIFFS MOTION FOR LEAVE TO ISSUE FRCP 45 SUBPOENA</u>**

**<u>TO NON-PARTY</u>**

Pursuant to Federal Rule of Civil Procedure 26 and 45, plaintiffs move the Court for an order permitting plaintiffs to issue an FRCP 45 subpoena for the deposition of the non-party identified as responsible for the Internet protocol ("IP") address used by the Doe defendant to

---

[1] There is a separate motion pending related to appearing counsels' proper status and whether they represent the defendant or merely the subscriber. Dkt. 12.

infringe plaintiffs' rights.  Plaintiffs believe the relevant deposition will take no more than two (2) hours.

Plaintiffs have subpoenaed Internet Service Provider ("ISP") Comcast, which has successfully identified a singular subscriber in an individual residence that was assigned the IP address used by the Doe defendant.  However the identified subscriber has failed and refused to voluntarily cooperate with plaintiffs' investigations and is now represented by appearing counsel who affirms (properly) there is no duty to for a non-party to informally cooperate.   As such plaintiffs seek leave to issue an FRCP 45 subpoena to compel the subscriber to be deposed with respect to the use and access to their Internet service to ensure plaintiffs name and proceed against the actual infringing Doe defendant.

## MEMORANDUM

### I.     Plaintiffs' requested discovery.

As outlined in plaintiffs' complaint (Dkt. 1) and motion to expedite discovery (Dkt. 3) plaintiffs are seeking leave to identify the Doe defendant who used IP address 50.141.97.4 to infringe plaintiffs' rights.   Plaintiffs' investigators have observed the IP address assigned to the subscriber associated with over 1,300 BitTorrent titles, some of the observed activity is filed herewith as Exhibit 1.  As evidenced by the scope and persistence of the activity associated with IP address 50.141.97.4, which continued from August until well into January 2015, it is likely the Doe defendant is a permissive user of the subscriber's Internet service and likely a long-term resident of the household.[2]

---

[2] Exhibit 1 contains observational activity from the last 10 days of August 2014, when the infringement of plaintiffs' motion picture was logged.  Additional observed activity is available but not submitted as it would be cumulative.

MOTION – LEAVE TO ISSUE FRCP 45 SUBPOENA					Page 2 of 5

ISP Comcast has identified a singular subscriber in a stand-alone residence that was assigned the IP address used by the Doe defendant. Plaintiffs have used available data records to ascertain the residence appears to be a 4-bedroom 3-bath residence occupied by what appears to be the subscriber, a male in his 60's, and the subscriber's spouse, a female in her 50's. The subscriber's addresses also appears to be affiliated with a second couple which appears to be in their 30's and have ties to the subscriber. Plaintiffs have also identified what appears to be at least one adult son of the subscriber who lives in the area, if not the residence.[3]

Based on activity observed associated with IP address 50.141.97.4, while it is certainly possible that the subscriber, a man in his 60's, has an affinity for items such the rapper "2 Chainz" (Item 5) and the Hip-Hip title, "Kendrick Lamar ft. Drake - Poetic Justice" (Item 123) it is at least equally plausible, if not more plausible that another party residing with the subscriber is the actual infringer.

The subscriber refuses to cooperate with plaintiffs leaving the options of proceeding against the subscriber and possibly substituting another party on discovery, or seeking further discovery to ascertain the identity of the true Doe defendant prior to naming a party. As counsel for the subscriber has expressly cautioned plaintiffs that naming their client may expose them to Rule 11 sanctions and plaintiffs should do so only, "after an inquiry reasonable under the circumstances," plaintiffs maintain further discovery in the form of an FRCP 45 deposition of the subscriber for information related to the occupants and use of the Internet service at the residence is reasonable under the circumstances.

///

---

[3] These records are all publicly available online through various web sites, including Facebook.

## II.     Conditional Offer of Cooperation

Plaintiffs have requested informal or even voluntary formal discovery from the identified subscriber to assist in identifying the actual infringer. It is acknowledged that the subscriber has not unconditionally refused. Counsel for the subscriber has offered to make the subscriber available for up to two hours on the following conditions:

A)   Before any discovery from the subscriber is allowed, plaintiffs must designate and make available for a sworn deposition the person plaintiffs plan to rely upon at trial to authenticate the data related to the subscriber's IP address; and

B)   For any person on whose testimony plaintiffs intend or ever intended to rely upon at trial who does not reside in the United States, plaintiffs' counsel must agree to accept service of legal process on behalf of such person and to accept service of legal process for their employers. Further, all such parties must submit to the jurisdiction of the District of Oregon for cross-claims or other claims against them as well as potential motions to compel and/or for contempt, should they refuse to produce information related to this dispute.

With respect to the first condition, plaintiffs have no objection to providing plaintiffs' investigator to be deposed to the actual defendant pursuant to the standards of the Federal Rules. Plaintiffs agree to comply with this term with respect to the actual defendant as would be proper. But such a request by a non-party imposes an unnecessary burden on the parties of the case and serves no legitimate purpose. With respect to the second condition, plaintiffs are not prepared, nor can they properly submit third parties, known and unknown, to the jurisdiction of this court. Plaintiffs maintain this condition is facially unreasonable.

Plaintiffs are willing to cooperate with obtaining limited discovery necessary from the subscriber in any number of ways, and to proceed in the least burdensome manner possible, offering formal or informal interrogatory type inquiries and formal or informal interviews. In

response, the subscriber has instead demanded formal depositions and demanded clearly burdensome, irrelevant and onerous conditions.  In conferral on these conditions it was stated, "If you find my conditions being offered unreasonable, then I suggest you make a motion seeking leave to conduct your discovery…"  thus the instant motion.

### III.    Conclusion

Plaintiffs respectfully requests the Court grant its motion for leave to issue an FRCP 45 subpoena to the non-party subscriber to depose the subscriber on matters related to the access and use of their Internet service by occupants of the residence. *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980) ("… plaintiff should be given an opportunity through discovery to identify the unknown defendants").   Plaintiffs agree to limit such deposition to no more than two (2) hours.  Should the court deem proper, plaintiffs are agreeable to making the relevant investigator available for telephonic deposition by the defendant within 30 days of naming a defendant and before an answer need be filed.[4]

DATED:  January 28, 2015.

Respectfully submitted,

*/s/Carl D. Crowell*
Carl D. Crowell, OSB No. 982049
email:  carl@crowell-law.com
(503) 581-1240
Of attorneys for the plaintiffs

---

[4] Plaintiff's investigator is an employee of Crystal Bay Corporation, which is a licensee of Excipio GmbH (www.excipio.de/en/), located in Karlsruhe, Germany.