UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

VOLTAGE PICTURES, LLC                                         Case No.: 3:14-cv-1872-AC
a California Limited Liability Company; and
DALLAS BUYERS CLUB, LLC,                                   OPINION AND ORDER
a Texas Limited Liability Company,

                              Plaintiff,

               v.

DOE-50.141.97.4,

                              Defendant.
_____

ACOSTA, Magistrate Judge:

*Introduction*

        Plaintiffs Voltage Pictures, LLC, ("Voltage") and Dallas Buyers Club, LLC

("DBC")(collectively "Plaintiffs") bring this copyright action against an individual who allegedly

copied and published the motion picture *Dallas Buyers Club* (the "Movie") through the BitTorrent

network.  Voltage is a producer and DBC is the registered copyright holder of the Movie.  Plaintiffs

initiated this case against a doe defendant identified only by the internet protocol address of 50.141.94.4 (the "IP Address"). On November 24, 2014, the court granted an *ex parte* motion to expedite discovery filed by Plaintiffs to determine the identity of the account holder assigned the IP Address used by the doe defendant. The discovery successfully identified the account holder as a singular subscriber in an individual residence (the "Subscriber"). However, evidence currently available to Plaintiffs makes it likely the Subscriber is not the actual infringer.

Plaintiffs' investigators observed activity for over 1,300 BitTorrent files associated with the IP Address from August 2014 through January 2015. From this activity Plaintiffs concluded the actual infringer is a "permissive user of the subscriber's Internet service and likely a long-term resident of the household." (Pls.' Mot. for Leave to Issue FRCP 45 Subpoena ("Pls.' Rule 45 Mot.") at 2.) The activity included items from the rapper "2 Chains" and the Hip-Hop title "Kendrick Lamar ft. Drake – Poetic Justice." (Pls.' Rule 45 Mot. at 3.) Additionally, after obtaining his identity, Plaintiffs obtained additional information about the Subscriber and the stand-alone residence:

> [T]he residence appears to be a 4-bedroom 3-bath residence occupied by what appears to be the subscriber, a male in his 60's, and the subscriber's spouse, a female in her 50's. The subscriber's address[] also appears to be affiliated with a second couple which appears to be in their 30's and have ties to the subscriber. Plaintiffs have also identified what appears to be at least one adult son of the subscriber who lives in the area, if not in the residence.

(Pls.' Rule 45 Mot. at 3.)

Based on the content of the infringing activity, the age of the Subscriber, and the access others likely had to the Subscriber's internet access, Plaintiffs are not convinced the Subscriber is the actual infringer. Consequently, Plaintiffs contacted the Subscriber to request his cooperation in

determining the identity of the infringing party.

In a letter dated January 21, 2015, Plaintiffs advised the Subscriber of the filing of this action and his identification as the individual responsible for the IP Address.  (Pietz Decl. Ex. 2 at 1.) Plaintiffs then provided the Subscriber with information about the infringing activity, as well as the downloading of numerous other titles, associated with the IP Address.  Plaintiffs explained:

> [w]ith the observed activity associated with your IP address, this type of material is likely tied to a single person at the address who was a permissive user and not likely material that would be viewed by young children.  The enclosed list of some of the observed content may be useful to assist us both in identifying the actual infringer. You are requested to review the list and contact me.
>
> If after review of the enclosed list of activity you are unable to identify the infringer, I will request your further assistance in identifying the infringer and responsible party, including possible forensic examination of any computers used at your residence.  Please contact me as soon as possible to discuss how we might proceed. I would like to avoid burdensome interference and your cooperation will facilitate the identification of the party that exploited your Internet service to violate my clients' rights.
>
> We strongly encourage you to consult with an attorney to review your rights in connection with this matter.  If you obtain an attorney, please have them contact us.

(Pietz Decl. Ex. 2 at 1-2.)  The attached list identified over 264 files downloaded on the IP Address from December 1, 2014, to January 21, 2015, some of which were identified as pornographic material.  (Pietz Decl. Ex. 2 at 3-8.)

The Subscriber did, in fact, retain counsel, who filed a notice of appearance in this action on January 22, 2015.  On January 26, 2015, Plaintiffs asked the Subscriber's counsel by email for confirmation of their representation of the actual defendant, and not merely the Subscriber, in this case.

> If your client is . . . simply a subscriber, I do not object to you maintaining a third party status to permit you to monitor the docket via ECM notice, but I ask that you

clarify the record with the court.   As well, we request the cooperation of the
subscriber in identifying the infringer/defendant.  Please let me know if this will be
voluntary or if I should file a motion for FRCP 45 discovery with the court.

(Pietz Decl. Ex. 1 at 5.)

The Subscriber's counsel responded with a three-page letter communicated through email,
confirmed he represented the Subscriber, but refused to clarify whether the Subscriber was also the
infringer and, therefore, the appropriate defendant in this case.  He noted "the Rule 11(b)(3)
obligation to make sure you are naming appropriate people as defendants in lawsuits like this one
is your own, non-delegable obligation, not defense counsel's obligation." (Pietz Decl. Ex. 1 at 2-3.)
The Subscriber's counsel further characterized the request for clarification as "an improper
interrogatory that my client, who you are asserting is a third party, is under no obligation to answer"
and request for cooperation as "premature and unauthorized discovery." (Pietz Decl. Ex. 1 at 2-3.)
He then agreed to cooperate with Plaintiffs' request based on three conditions:

However, nonetheless, [the Subscriber] is willing to cooperate in informal third-party
discovery, provided that such discovery is a two-way street, and subject to certain
conditions detailed below.  Still assuming that you are not yet ready to serve [the
Subscriber] as the defendant (in which case all this is unnecessary because we can
just take discovery in the ordinary course), we would agree to the following informal
discovery at this juncture:

(1)      I will make [the Subscriber] available for a sworn deposition of up to
two hours (direct examination) at David Madden's office in Tigard, Oregon.  I note
you previously requested leave to conduct such a deposition, in connection with your
request for early discovery, but that the deposition part of your application was not
granted. Should you eventually decide to serve [the Subscriber] as the defendant, you
may depose him again after the regular discovery has commenced, but any time you
use in this preliminary deposition will count towards applicable limits.

(2)      In exchange, you will first designate at least one week in advance and
then make available for a sworn deposition of up to two hours (direct examination),
by video conference, whatever computer person plaintiffs plan to rely upon at trial
as the person who logged and can authenticate the data allegedly showing that an

infringement occurred via [the Subscriber's] IP address. This deposition *must* actually take place *before* the deposition of [the Subscriber]. Should you decide to serve [the Subscriber] as the defendant, we may depose this witness again, after regular discovery has commenced, but any time we use in this preliminary deposition will count towards applicable limits. In making this request, I would normally identify this person by name, with reference to the person who signed the declaration in support of your request for early discovery. But I note that you curiously did not identify such a person or provide any such declaration in support of your early discovery motion here in this case, although we both know that used to be your practice in the past.

(3)    In addition, for any person on whose testimony plaintiffs intend or ever intended to rely upon at trial in this matter, who does not reside in the United States, specifically including any person you designate and produce as per point (2) above, you agree to accept service of legal process on behalf of such person, and, if he or she is working on behalf of a company that does not reside in the United States, to accept service of legal process for such company(ies) as well. This commitment of yours to accept service for your foreign witnesses may extend to subpoenas establishing the District of Oregon's jurisdiction over them, cross-claims or other claims against them related to this dispute, as well as potential motions to compel and/or for contempt, should they refuse to produce information related to this dispute.

(Pietz Decl. Ex. 1 at 3-4.)

Currently before the court are Plaintiffs' motion for leave to issue a FRCP 45 subpoena to a non-party and motion for order to show cause why the documents filed by Subscriber's counsel indicating he is representing the defendant should be struck. The Subscriber opposes both motions.

### Legal Standards

Federal Rule of Civil Procedure 26(d) provides:

[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

FED. R. CIV. P. 26(d)(1) (2015). Federal Rule of Civil Procedure 45 authorizes the issuance of a subpoena to command a nonparty to attend and testify at a deposition or produce designated

documents, electronically stored information, or tangible things in its possession, custody or control. FED. R. CIV. P. 45(a)(1)(A)(iii). "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FED. R. CIV. P. 45(d)(1).

*Discussion*

I. Motion for Rule 45 Subpoena

Plaintiffs seek information relevant to the discovery of the identity of the individual responsible for the infringing conduct identified in their complaint. The Ninth Circuit allows a plaintiff to engage in discovery to identify Doe defendants when the identity of such defendants is not known prior the filing of a complaint. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). This applies equally to plaintiffs who have failed to identify any defendant and must, therefore, engage in non-party discovery to determine the identity of the proper defendants. *Cottrell v. Unknown Correctional Officers, 1-10*, 230 F.3d 1366, 1366 (9th Cir. 2000)("The district court erred when it concluded that discovery would not uncover the identities of the defendants because there were no named defendants to serve in this case. Federal Rule of Civil Procedure 26(d) allows the district court to order discovery early in the case and Rule 45 allows service of a subpoena on a non-party.")

In *Gillespie*, the court created a two-part test to determine when discovery to identify unknown defendants should be allowed. "Where the identity of alleged defendants will not be known prior to the filing of a complaint[,] . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie*, 629 F.2d at 642.

Various district courts within the Ninth Circuit have identified two more elements necessary to establish the "good cause" requirement for expedited discovery under Rule 26(d)(1). First, the doe defendants must be identified with "sufficient specificity such that the Court can conclude that each Defendant is a real person or entity that would be subject to the Court's jurisdiction", and second, the plaintiff must "identify all previous steps taken to locate the elusive defendant." *Deluxe Mktg. Inc. v. Deluxemarketinginc-scam.wordpress.com*, No. CV-13-01244-PHX-SPL, 2014 WL 4162270, *1 (D. Ariz. Aug. 20, 2014); *Hard Drive Prods., Inc. v. Does 1-90*, No C 11-03825 HRL, 2012 WL 1094653, *4 (N.D. Cal. March 30, 2012). *But see Rynoryder Prods. Inc. v. Does 1-23*, No. 6:13-cv-539-TC, 2013 WL 2146456, at *1-2 (D. Or. May 14, 2013)(applying a three-part test that did not require proof that discovery was likely to reveal the identities of the unknown defendants).

The Subscriber argues Plaintiffs have failed to meet two of the four elements. First, the Subscriber asserts Plaintiffs failed to provide sufficient facts regarding previous steps taken to locate the defendant. Second, the Subscriber argues the complaint would not withstand a motion to dismiss.

### A. Steps to Locate Defendant

The Subscriber contends the absence of a declaration from the forensic expert providing actual evidence supporting the existence of a claim and the technical evidentiary basis for believing the claim can be linked to an unidentified defendant by an IP address, prevents the court from finding Plaintiffs have offered sufficient evidence of their previous steps to locate the unknown defendant. However, a plaintiff may meet this requirement by providing merely the date and time of the alleged infringing activity. *See Hard Drive*, 2012 WL 1094653, at *5 (court acknowledged that in mass copyright cases, "there is little plaintiff can do to 'locate' defendants, since IP addresses are the only

identifying features plaintiffs can collect."). *See also Rynoryder*, 2013 WL 2146456, at *2 (requirement met where a plaintiff has "already taken steps to identify the IP addresses and general physical locations.")

Here, Plaintiffs identified the IP Address and the general location, type and extent of the infringing activity in the complaint. The initial subpoena to the internet provider further revealed the identity of the Subscriber and actual address. Plaintiffs' research of available information established the address was a four-bedroom, three-bath residence occupied by the Subscriber, his wife, and another younger couple, and that the Subscriber's adult son lived nearby. Plaintiffs have offered a sufficient description of the previous steps taken to identify the infringer.

## B. Complaint Withstand Motion to Dismiss

Plaintiffs assert claims for copyright infringement under the federal Copyright Act and a violation of Oregon's trademark laws. The Subscriber argues the complaint will not withstand a motion to dismiss based on a previous ruling from this district that the federal Copyright Act preempts the Oregon trademark claim. In *Voltage Pictures, LLC v. John Does*, Civil Nos. 6:14-cv-812-MC, 6:14-cv-816-MC, 2014 WL 2830845 (June 20, 2014), Judge McShane addressed the question of whether the court had subject matter jurisdiction over a complaint alleging violations of state trademark law in the context of a motion to remand. He held the trademark claims, which alleged violations of OR. REV. STAT. 647.095 and sought remedies under OR. REV. STAT. 647.105, "are preempted by the Copyright Act and must be recharacterized as copyright infringement and copyright ownership claims." Judge McShane found the court had subject matter jurisdiction over the copyright infringement claims and denied the motion to remand on this ground.

Even assuming *Voltage v. Does* requires the dismissal of Plaintiffs' state trademark claim,

Plaintiffs' claim under the federal Copyright Act would survive. Accordingly, the complaint would not be dismissed on other grounds in its entirety.[1]

Plaintiffs have satisfied all the elements required to allow them to engage in expedited discovery to determine the identity of the infringer. Plaintiffs have initiated a number of actions to protect the Movie from infringement. Of the nineteen cases filed in 2014 by the Plaintiffs, Plaintiffs were able to identify the proper defendant through information provided by Comcast or through additional non-party discovery in all but four cases. Two of those cases were voluntarily dismissed by Plaintiffs and two resulted in settlement agreements with subscribers, identified by Comcast, who were a transitional group home and an organization that implemented measures to prevent infringing activity in the future. Based on Plaintiffs' successful identification of defendants in the vast majority of the cases it has filed in 2014, the court finds it likely that the requested discovery will uncover the identity of the defendant in this case as well. Further, the allegations of the complaint, the identification of the IP Address, and the type of infringing activity alleged, make clear the defendant is a real person subject to the court's jurisdiction. These findings, combined with the findings on the two elements set forth above – the steps to locate defendant and the likelihood the complaint will withstand a motion to dismiss – establish Plaintiffs are entitled to the non-party discovery requested.

The court grants Plaintiffs' motion for the issuance of a Rule 45 subpoena and allows them to take the deposition of the Subscriber. The parties have agreed the deposition will be limited to two hours (direct examination) and will occur at the office of Subscriber's counsel in Tigard, Oregon. This limited discovery will not impose undue burden or expense on the Subscriber.

---

[1]Although both sides devote significant portions of their respective briefs to the validity of Plaintiffs' state trademark claim, the court need not decide that issue in the context of this procedural motion.

II.  Motion for Order to Show Cause

Plaintiffs request an order to show cause why the notice of appearance and motion for leave to appear *pro hac vice* filed by Subscriber's counsel (the "Filed Documents") should not be struck. Counsel indicates in the Filed Documents that he represents "Defendant DOE-50.141.97.4." However, in subsequent communications with Plaintiffs, counsel states he represents the Subscriber and that naming the Subscriber as the defendant in this matter may subject Plaintiffs to Rule 11 sanctions.  Plaintiffs do not object to counsel's representation of the Subscriber in a third-party capacity or remaining as an observer on the ECM system to monitor the case, but contend the Filed Documents in which counsel claims to represent the as yet unidentified defendant in this matter are improper.

The Subscriber's sole objection to the motion for order to show cause is that striking the Filed Documents would deprive counsel of notice of electronic filings in this matter.  The Subscriber has "no objection to any alteration the Court might see fit to make as to the way Opposing Party or counsel's appearance is described in the CM/ECF system."  (Doe's Opp'n to Pls' Mot. for Leave to Issue FRCP 45 Subpoena and Mot. for Order to Show Cause at 7.)

The court finds the identification of the Subscriber's counsel as counsel for defendant in the Filed Documents is improper as premature.  The Filed Documents are stricken and Subscriber's counsel is ordered to file new documents indicating his representation of the Subscriber, identified only as DOE-50.141.97.4, and not of the defendant.  Should the Subscriber eventually be identified as the defendant in this matter, the Subscriber's counsel will then be properly recognized as counsel for the defendant.  In the meantime, the Subscriber's counsel will be entitled to monitor the case on

the ECF system as counsel for the Subscriber, an interested a third-party.[2]

*Conclusion*

Plaintiffs' motion (#13) for Rule 45 subpoena is GRANTED.  Plaintiffs' motion (#12) for order to show cause is GRANTED, the Filed Documents are hereby stricken, and counsel for the Subscriber is ordered to file new documents indicating his representation of the Subscriber, identified only as DOE-50.141.97.4.

DATED this 9th day of April, 2014.


_____
/s/ John V. Acosta
JOHN V. ACOSTA
United States Magistrate Judge

---

[2]Counsel for the subscriber assigned the IP address 50.76.100.253 was similarly allowed to appear on behalf of the subscriber and receive notifications through the ECF system in *Voltage Pictures, LLC. v. Doe-50.76.100.253*, CV No. 3:14-cv-1242-AC.